Howard G. Brown
1344 Lakeridge Drive
Baton Rouge, LA 70802
Phone: (504) 756-1987
Fax: (985) 238-3818

RECEIVED

OCT 19 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD BROWN,** ) | |
| **Plaintiff,** ) | |
| **V.** ) | **Case No. 3:22-CV-00264-SDD-RLB** |
| **CITY OF CENTRAL,** ) | |
| **ET AL.,** ) | |
| **Defendants.** ) | |

## SUR-REPLY ON MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Plaintiff, Howard Brown ("Plaintiff or Brown"), to move this Honorable Court for Summary Judgment pursuant to **FRCP Rule 56**.

## I.    INTRODUCTION

Every single piece of evidence and every word placed in this Honorable Court's record, by Plaintiff, has been from First-Hand knowledge of the matter before this Court. The Defendants have not issued ONE WORD of first-hand knowledge in ANY DOCUMENT that they have submitted. Although ample opportunities have been given to Counsel through an *answer to the complaint*, a *motion to show cause* and this *motion for summary judgment* to bring forth evidence to controvert the allegations expertly laid out in Plaintiff's Complaint. Mr. Thomas has squandered these opportunities and now begs the court for more time to 'find the facts' in what Counsel would have the Court believe is a very complex litigation when, in fact, it is quite simple and the production of a single warrant, signed by a judge authorizing the loss of property rights, would go a long way to clearing Defendants' name and their liability in this

matter. The Fourth Amendment is quite clear in the requirement of law enforcement's need for a warrant to deprive anyone of person or property. So, either there IS a warrant authorizing the conduct of the City and its officers or there isn't; there is NO in between and six (6) months is AMPLE time to find a singular document.

## II.    <u>FRCP & LOCAL RULES</u>

Plaintiff has scoured Defense Counsel's *'Opposition to Plaintiff's Motion for Summary Judgment'* and <u>cannot find</u> even **one (1)** utterance of the words 'Denied, Admitted, or Qualified' as is <u>REQUIRED</u> by the Local Rules.

> ***<u>Local Rule 56 C:</u>*** *Opposing Statement of Material Facts. A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement **<u>shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement</u>** of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation **"<u>Admitted," "Denied," or "Qualified</u>"** and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph and supported by a record citation as required by subsection (f) of this rule*

Given that Counsel's document contains no numbered paragraphs and no assertation of facts merely hearsay and inadmissible ramblings of Counsel, you won't find those terms in this document either, as there is nothing to Admit, Deny, or Qualify. Defense has utterly failed to comply with **FRCP 56**, **Local Rule 56(a), (c)** and **(f)** thereby **<u>admitting all facts</u>** placed in the *Motion for Summary Judgment* by Plaintiff.

**Local Rule 56 (f):** *Statement of Facts Deemed Admitted Unless Properly Controverted; Specific Record of Citations Required. Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.*

The Court has only the inadmissible and cheap words of Counsel that describes his own language as having **'discrepancies,'** to controvert any facts that would be in dispute which does not meet ANY burden set forth by FRCP or Local Rules of this Court.

**FRCP 56 (c)(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) Citing to <u>particular parts of materials in the record</u>, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) Showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party <u>cannot produce admissible evidence to support the fact.</u>

(c)(4) *Affidavits or Declarations.* An <u>affidavit or declaration</u> used to support or oppose a motion must be **made on personal knowledge**, <u>set out facts</u> that would be admissible in

evidence, <u>and show that the affiant or declarant is competent to testify on the matters stated.</u>

(d) *When facts are unavailable to the nonmovant.*  If a nonmovant <u>shows by affidavit or declaration</u> that for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or

> (3) issue any other appropriate order.

Defense Counsel, <u>without affidavit or declaration</u>, attempts to invoke **FRCP 56 (d)** to further delay proceedings and powerlessly cites that Plaintiff's video of the incident has been unattainable. Plaintiff could discuss the countless times he has poured all of his evidence onto the City officials over the past two years, but Plaintiff and the Court now know that Counsel doesn't meet with his clients for fact finding missions. So, Plaintiff will reference an email dated July 31, 2022, where he communicated to Counsel a website link containing the full and complete video taken by Plaintiff, with his phone, the morning of August 6, 2020. **(Exhibit H)**

Further, Counsel tries to use the court's scheduling orders and standard operating procedures to excuse his lack of diligence in finding and placing facts on the record while asking the court for more time.

## III.   <u>CASE LAW CITATIONS</u>

Counsel continues on page 1 **(doc 45)** to compare apples to oranges in his multiple corporate case law citations, citing complex corporate structured class actions lawsuits and the

like, to try and bring any credibility to his inadmissible ramblings of Second-hand knowledge and hearsay that is all inadmissable.

## IV.    __Summary Judgment Standard__

What we have here is a case full of first-hand knowledge and facts placed on the record by the Plaintiff and there is NO evidence, mind you, NONE, via affidavits or declarations, that is REQUIRED by rule to support the request of Defense Counsel. "The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials **on file**, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

## V.    __CONCLUSION__

Plaintiff has shown, in a very clear and concise way, how Defense Counsel spends his time, and it isn't spent looking for evidence to place on the record. Defense Counsel on day twenty-one (21), after service, ANSWERED the complaint, then took thirty-seven (37) additional days to even meet with his clients!

Clearly, Counsel doesn't know the rules of service regarding municipalities either, despite having worked for municipalities in the realm of law for 20+ years! That should be astonishing to everyone and is a clear violation of Rule 1.1 Competence, Rule 1.3 Diligence, and Rule 1.4(b) Communication of the Louisiana Rules of Professional Conduct, a doctrine Counsel purports and has sworn to follow.

The dirty little secret that Counsel wants to sweep under the rug is that his defense is different than any of the case law he has cited to date, in the fact that Counsel Answered the Complaint FIRST, and that changes things. Apparently, Defense Counsel wants to pick and choose which rules he decides to follow by arguing points firstly barred by judicial estoppel and then refusing to acknowledge those same points were not timely filed.

Plaintiff has repeatedly demanded that the warrant, signed by a judge authorizing the loss of property rights, be placed on the record; and has so admitted, that doing so would weaken Plaintiff's position dramatically.

Plaintiff fails to see how the time spent to date, by Counsel on this case, has been spent wisely and contends that the court will also see, that Counsel would waste the time spent to 'find facts' if given any, and the ultimate result would be another rule broken by Counsel, harassing the Plaintiff, a sanctionable offense.

**WHEREFORE**, the Plaintiff moves this Honorable Court with no genuine disputes of material fact as a matter of law and the rules of this court to enter an order for Summary Judgment in favor of the Plaintiff in the amount of thirty-seven million dollars, plus attorney's fees and in addition to any other amount in damages that this Court deems just.

Howard Brown *pro se*

**VERIFICATION OF MOTION FOR SUMMARY JUDGMENT**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

 BEFORE ME personally appeared Howard Brown who, being by me first duly sworn and identified in accordance with Louisiana law, deposes and says:

 I, Howard Brown, is the named Plaintiff above and state and swear before God, under penalty of perjury, under the laws of the United States, that the following is true and correct to the best of my knowledge:

1. I am over the age of 18 and am competent to testify before this court.

2. I am the Plaintiff in the above-entitled action and I am familiar with the files, records and pleadings in this matter.

3. The facts set forth in this petition are true and correct to the best of my knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Howard Brown, Affiant

SWORN TO and subscribed before me this 18th day of October, 2022.

_____
Notary Public

My commission expires:

**FRAN S. BOLTON**
**NOTARY PUBLIC**
STATE OF LOUISIANA
NOTARY ID NO. 035081
MY COMMISSION IS FOR LIFE

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to J. Scott Thomas 700 North 10th Street, Suite 440 in Baton Rouge, Louisiana 70802 this 18th day of October, 2022.

H. Gary Brown

STATE OF LOUISIANA

EAST BATON ROUGE PARISH

BEFORE ME personally appeared Howard Gary Brown who, being by me first duly sworn and identified in accordance with Louisiana law, did execute the foregoing in my presence this 18th day of October, 2022.

Notary public

My commission expires:

FRAN S. BOLTON
NOTARY PUBLIC
STATE OF LOUISIANA
NOTARY ID NO. 035081
MY COMMISSION IS FOR LIFE