UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD BROWN** | **CIVIL DOCKET NO.: 3:22-cv-00264** |
| **VERSUS** | **JUDGE DICK** |
| **CITY OF CENTRAL, ET AL.** | **MAGISTRATE BOURGEOIS** |

## OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS.

Defendants, ROGER LYNN CORCORAN, JOHN H. PORCHE, DARREN SIBLEY and, NOAH McKNEELY, in their individual capacities, oppose the Plaintiff's Motion to Strike Defendant's Motion to Dismiss as follows:

### I. DEFENDANT'S MOTION TO DISMISS IS TIMELY.

Defendant's Motion to Dismiss (**Doc. 57 & 57-1**) was properly and timely filed. The mere passage of time for a responsive pleading does not speak to whether Defendant's motion to dismiss is a timely one. *Auto. Indus. Pension Tr. Fund v. Ali*, **No. C-11-5216 JCS, 2012 WL 2911432 (N.D. Cal. July 16, 2012)**. It is well established that a 12(b) motion is not a "responsive pleading." *McCrary v. Poythress*, **638 F.2d 1308 (5th Cir. 1981)**. Thus, the only time limitation on Rule 12 motions is that they "be made before pleading if a responsive pleading is allowed." **Fed. R. Civ. P. 12(b);** *See Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, **No. 10CV677 JLS MDD, 2012 WL 202664 (S.D. Cal. Jan. 23, 2012)**. As such, the motion to dismiss should be governed by the time constraints imposed by Rule 12(b)(6), which requires that the

motion be filed *before* pleading.[1] **Hoffman v. Jindal, No. CIV.A. 12-796-JJB, 2014 WL 130981 (M.D. La. Jan. 10, 2014).**

Though the outcome might be different where there had been an entry of default, that is not the case here. Admittedly, defendant's motion to dismiss in their individual capacities was filed on November 21st, 2022, which was after the deadline for a responsive pleading[2]. However, Defendants were only required to file their motion to dismiss before filing any other responsive pleading under Fed. R. Civ. P. 12(b)(6). **Hoffman v. Jindal, No. CIV.A. 12-796-JJB, 2014 WL130981 (M.D. La. Jan. 10, 2014)**.

Plaintiff has argued that Defendant's motion is in violation of Local Rule 7 (a). (**Document 57**). Local Rule 7 (a) however, applies to pleadings listed in Fed. R. Civ. P. 7 (a) [3] of which, does not include 12(b)(6) motions and thus, is inapplicable in this particular case. In a similar fashion, Plaintiff has misapplied Rule 6 (b)(1)(B) as he has utterly failed to establish the expiration of the time in which a Rule 12(b)(6) can be filed and heard. ***See.,* Document 57.** Thus, since defendants have complied with the Local Rules and the Federal Rules of Civil Procedure, the court should find that the defendant's motion is timely and dismiss Plaintiff's suit against the defendant with prejudice and at his costs.

## II.     DISMISSAL IS PROPER UNDER RULE 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." **Fed. R. Civ.P. 12(b)(6).** When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. ***C.C. Port, Ltd. v. Davis-***

---

[1] While some courts hold that Rule 12(b) motions must be made within 20 days of service of the complaint, the rule itself only requires that such motions be made before pleading if a further pleading is permitted. *Auto. Indus. Pension Tr. Fund v. Al*i, No. C-11-5216 JCS, 2012 WL 2911432 (N.D. Cal. July 16, 2012)

[2] Defendants had previously filed responsive pleadings in their official capacities.

[3] Fed. R. Civ. P. Rule 7 (a) includes: (1) A Complaint; (2) An Answer to a Complaint; (3) An Answer to a Counterclaim designated as a Counterclaim; (4) An answer to a Crossclaim; (5) A Third-party Complaint; (6) An Answer to a Third-party complaint; and (7) If the Court orders one, a reply to an Answer.

*Penn Mortg. Co.,* **61 F.3d 288, 289 (5th Cir. 1995)**. In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)**. A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id.* **at 556**. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)**. However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Matter of Moncla Marine, LLC***, No. CV 19-164-SDD-EWD, 2019 WL 6878868 (M.D. La. Dec. 17, 2019) citing** *Randall D. Wolcott, M.D., P.A. v. Sebelius,* **635 F.3d 757 (5th Cir. 2011).** Thus, plaintiff's assertion that Defendants are *required* "to support contentions of material fact with affidavits, depositions, or answers to interrogatories" in order for the court to consider Defendant's 12(b)(6) motion is not only fundamentally untrue, but also proposes an incorrect standard. *See* **Document 57-1.** As noted in Defendant's **Document 51-1. Page 2**, a statute of limitations may support dismissal under Rule 12(b)(6) where it is evidenced from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like. *Hargrove v. Bos. Sci. Corp.,* **No. 13-3539, 2014 U.S. Dist. LEXIS 135262 (E.D. La. Sep. 24, 2014) citing** *Jones v. Alcoa.,* **339 F.3d 359, 366 (5th Cir. 2003).** Thus, the Court need only rely on the four corners of the plaintiff's complaint in order to rule on Defendant's motion and find that plaintiff's claim is time-barred.

          **III.    DOCTRINE OF JUDICIAL ESTOPPEL IS NOT APPLICABLE.**

Judicial estoppel is a common law doctrine by which "a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Doucet v. R. & R. Boats,*

*Inc.*, No. CV 17-00421-BAJ-EWD, 2020 WL 4808763 (M.D. La. Aug. 18, 2020). The doctrine can be applied when (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) The party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. *Id.* Simply including the words "judicial estoppel" and citing to inapplicable case law without nothing more does not create a substantive argument.  Here, as has been previously addressed in **Document 40-1**, plaintiff has failed to set forth any argument or otherwise create a fact issue regarding any of the above required elements. Simply put, plaintiff has not made a substantive demonstration that defendant has made a representation that is plainly inconsistent with a position previously taken. As such, the court should find that judicial estoppel is not applicable.

## CONCLUSION.

For the above and foregoing reasons, plaintiff's Motion to Strike Defendant's Motion to Dismiss should be dismissed with prejudice at plaintiff's cost.

**Respectfully submitted,**

*/s/ J. Scott Thomas*
**J. Scott Thomas (La. Bar Roll No. 22635)**
700 North 10th Street, Suite 440 (70802)
Post Office Box 4327
Baton Rouge, Louisiana 70821
Telephone: (225) 344-5001
Facsimile: (225) 336-5277
Email: sthomas@lma.org
*Attorney for Roger Corcoran, John H. Porche, Darren Sibley, and Noah McKneely in their individual capacities respectively as Chief of Police, an Officer, and former Officers for the City of Central Police Department*

**<u>CERTIFICATE</u>**

I hereby certify that on this 20th day of December, 2022, a copy of the above and foregoing motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff and any counsel of record by operation of the court's electronic filing system as well as by U.S. mail, postage prepaid, to the plaintiff at the address he provided to the Court which is as follows:

Howard Gary Brown<br>
1344 Lakeridge Drive<br>
Baton Rouge, Louisiana 70802

<i><u>/s/ J. Scott Thomas</u></i><br>
J. Scott Thomas<br>
(La. Bar Roll No. 22635)