# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOWARD BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-264-SDD-RLB** |
| **CITY OF CENTRAL, ET AL.** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 13, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

HOWARD BROWN                                    CIVIL ACTION

VERSUS                                          NO. 22-264-SDD-RLB

CITY OF CENTRAL, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are five Motions to Dismiss by Defendants the City of Central and four Officers of the City of Central's Police Department in their official and individual capacities.[1] (R. Docs. 20, 29, 31, 37, 57). Initially, Defendants Chief Roger Corcoran and Officer John H. Porche filed a joint Motion to Dismiss Pursuant to Rule 12(b)(6) in their official capacities (R. Doc. 20); Defendant City of Central filed a second Motion to Dismiss Pursuant to Rule 12(b)(6) (R. Doc. 29); and Defendant Officer Noah McKneely filed a third Motion to Dismiss Pursuant to Rule 12(b)(6) in his official capacity (R. Doc. 31).

In response to the foregoing motions, Plaintiff filed a Motion to Strike Defendants' Motions to Dismiss (R. Doc. 33) and a Motion to Show Cause for Materially False Statements Made by Defendants' Counsel (R. Doc. 34). Defendants the City of Central, Chief Corcoran, Deputy Chief Darren Sibley, Officer Porche, and Officer McKneely jointly oppose Plaintiff's motions. (R. Doc. 39).

Subsequently to Plaintiff's Motion to Strike Defendants' Motion to Dismiss and Plaintiff's Motion to Show Cause, Defendant Deputy Chief Sibley filed a Motion to Dismiss

---

[1] Defendants Joey Doe, Alex Doe, and John Does #1-3 have not appeared in the case, and Plaintiff has not filed proof of service of process. Plaintiff filed proof of service of process on Defendant Davis and Son's Fender Fixer, LLC ("Davis and Son's"), but it has not appeared in the case. (R. Doc. 13). The Clerk entered default against Davis and Son's. (R. Doc. 18).

Pursuant to Rule 12(b)(6) in his official capacity. (R. Doc. 37). Plaintiff did not file a timely opposition addressing this motion. *See* L.R. 7(f). Instead, Plaintiff filed a Motion to Strike New Affirmative Defense by Estoppel (R. Doc. 41) and a Motion for Summary Judgment (R. Doc. 42). Defendants jointly oppose the foregoing motions. (R. Docs. 45, 46).

 Defendants Corocan, Porche, McKneely, and Sibley also filed a joint Motion to Dismiss Pursuant to Rule 12(b)(6) in their individual capacities (R. Doc. 57). Plaintiff had moved for an entry of default as to the four defendants in their individual capacities prior to the filing of the Motion to Dismiss. (R. Docs. 48, 50, 52, 54). The Clerk denied Plaintiff's Motions for Entry of Default, (R. Docs. 49, 51, 53, 55), and Plaintiff filed a Motion to Correct Clerk's Error of Default Judgment. (R. Doc. 56). In response, Defendants Corocan, Porche, McKneely, and Sibley filed the instant motion to dismiss in their individual capacities. (R. Doc. 57). Plaintiff opposes the motion. (R. Doc. 58). Plaintiff additionally filed a Motion to Strike Defendants' Motion to Dismiss for allegedly untimely filing the motion in violation of Federal Rule of Civil Procedure 6 and Local Rule 7(a). (R. Doc. 59). Defendants contend that their motion to dismiss was not untimely and oppose the motion to strike. (R. Doc. 61).

Also before the Court, Defendants filed a Motion to Stay Discovery pending the resolution of their motions to dismiss. (R. Docs. 60). Plaintiff has not directly responded to the motion to stay, but he filed a related Motion to Compel Discovery. (R. Doc. 62).

Because Plaintiff fails to state a claim, the Court recommends granting Defendants' motions to dismiss. The Court further concludes that any further amendment would be futile with respect to the claims already alleged.

## I.    Background

According to Plaintiff's allegations, on August 6, 2020, Officer John H. Porche of the City of Central Police Department stopped a motorcycle operated by Plaintiff. (R. Doc. 1 at 6). The motorcycle did not display a license plate. (*Id.*). Officer Porche requested that Plaintiff provide a copy of his license and registration, and Plaintiff instead presented a document with "a *strongly worded* warning to officials not to presume or assume anything about Plaintiff." (*Id.* at 6-7 (emphasis in original)). The document contained Plaintiff's name and signature, but Plaintiff otherwise refused to identify himself. (*Id.* at 7, 10). Officer Porche requested assistance, and six to seven additional officers arrived at the scene. (*Id.* at 7). The officers included Defendants Police Chief Roger Lynn Corcoran, Deputy Police Chief Darren Sibley, Officer Noah McKneely, and Louisiana State Trooper Alex. Officers allegedly detained Plaintiff for over two hours. (*Id.* at 7). During the traffic stop, Chief Corcoran purportedly "struck" Plaintiff's right back pants pocket where he kept his cellphone. (*Id.* at 8). Ultimately, the police issued him three traffic citations and towed away the motorcycle. (*Id.* at 7-9).

On April 21, 2022, approximately twenty months after the traffic stop, Plaintiff filed the Complaint. (R. Doc. 1). Plaintiff asserts claims for: (1) a violation of his Fourth Amendment right against illegal seizures under 42 U.S.C. § 1983; (2) a "conspiracy against rights" in violation of 18 U.S.C. § 241; (3) a "deprivation of rights under color of law" in violation of 18 U.S.C. § 242; (4) a "common law conspiracy;" (5) trespass; (6) intentional infliction of emotional distress; and (7) conversion. (*Id.*). Plaintiff also arguably asserts claims under Section 1983 for violations of the Fifth and Fourteenth Amendments. (*See id.* at 12). Defendants have moved to dismiss the claims pursuant to Rule 12(b)(6). (R. Docs. 20, 29, 31, 37, 57). Defendants all assert Plaintiff's claims are prescribed by the statute of limitations. (R. Docs. 20-1 at 2-3, 31-1

3

at 2-3, 37-1 at 2-3, 57). The individually named officers additionally assert qualified immunity. (R. Docs. 20-1 at 3-7, 31-1 at 3-7, 37-1 at 3-7). The City of Central states that the claims against it are derivative of the claims against the officers, and they should be dismissed because there is no underlying violation of Plaintiff's rights. (R. Doc. 29-1 at 7). Both the City of Central and the Officers in their official capacities also maintain that Plaintiff fails to identify a specific policy or custom giving rise to any constitutional violations. (R. Doc. 39 at 7). Lastly, Deputy Chief Sibley and Officer McKneely maintain that Plaintiff has not asserted any specific allegations against them. (R. Docs. 31-1 at 7, 37-1 at 7).

Plaintiff counters with five separate motions. First, although styled as a motion, Plaintiff's Motion to Strike Defendants' Motions to Dismiss essentially is an opposition to Defendants' Motions to Dismiss. (*See* R. Doc. 33). Plaintiff attempts to rebut Defendants' prescription and qualified immunity arguments, and Plaintiff does not cite a legal basis for striking Defendants' motions. Second, Plaintiff moves under Federal Rule of Civil Procedure 11 for an order to show cause why defense counsel "should not be held in contempt" for "materially false statements." (R. Doc. 34 at 1). Plaintiff contends that Defendants have set forth inconsistent defenses that, therefore, must be materially false. Defendants filed a single, joint opposition to both motions. (R. Doc. 39). The response treated the motion to strike, in part, as a response to Defendants' motions to dismiss and did not address Plaintiff's request for relief. Third, Plaintiff's Motion to Strike New Affirmative Defense by Estoppel moves to strike Defendants' statute of limitations defense pursuant to Rule 8. (R. Doc. 41). Plaintiff asserts that Defendants waived the affirmative defense by not asserting it in their Answer. (*Id.*). Defendants counter that any failure to assert the statute of limitations defense is not fatal because Plaintiff has not suffered any prejudice. (R. Doc. 46 at 3-5). Fourth, Plaintiff moved for summary judgment. (R.

Doc. 42). In response, Defendants move under Rule 56(d) for the Court to deny summary

judgment to afford them time to conduct discovery. (R. Doc. 45). Fifth, Plaintiff's Motion to

Strike Defendants' Motion to Dismiss seeks to strike as untimely the motion to dismiss filed by

the officers in their individual capacities. (R. Doc. 59). Specifically, Plaintiff asserts that the

officers have not demonstrated excusable neglect or good cause for failing to file their response

within twenty-one days of being served with the Complaint in accordance with Federal Rule of

Civil Procedure 6(b) and Local Rule 7(a). (R. Doc. 59-1 at 3-4). Defendants maintain that their

motion was not untimely and oppose Plaintiff's motion to strike. (R. Doc. 61).

## II.    Law and Analysis

### A.    Legal Standard for Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal

standard set forth in Rule 8, which requires "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a

pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to

relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint

states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not

assume the truth of conclusory statements, but rather looks for facts which support the elements

of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are

not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

### B.    Analysis

#### 1.    A One-Year Statute of Limitations Bars Plaintiff's Claims

As the Complaint does not satisfy the statute of limitations, Plaintiff fails to state a claim. A one-year prescriptive period applies to Plaintiff's Section 1983 claims. The statute of limitations for Section 1983 claims is governed by the state law applicable to personal injury actions. *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018). Federal courts also look to state law for tolling provisions. *Hardin v. Straub*, 490 U.S. 536, 543 (1989). Louisiana applies a one-year prescriptive period for personal actions under federal civil rights statutes. *Bourdais v. New Orleans City*, 485 F.3d 294, 298 (5th Cir. 2007) (citing La. Civ. Code art. 3492). The statute of limitations begins to run "when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Redburn*, 898 F.3d at 496 (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski*, 51 F.3d at 516.

A one-year statute of limitations also applies to Plaintiff's state law claims. Louisiana Civil Code article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year." Therefore, Plaintiff's claims for trespass, conversion, and intentional infliction of

emotional distress are limited by the same prescription period as Plaintiff's Section 1983 claims. *See Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009) ("Like other delictual actions, conversion has a one year prescriptive period."); *Hogg v. Chevron USA, Inc.*, 45 So. 3d 991, 1002 (La. 2010) ("As a tort action, [trespass] is subject to the one-year liberative prescription of LSA-C.C. arts. 3492 and 3493."); *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187 (La. 1999) ("Claims for intentional infliction of emotional distress are also governed by the one-year prescriptive period for delictual actions in La. Civ. Code Ann. art 3492."). Plaintiff's claim for a "common law conspiracy" also is subject to the one-year statute of limitations applicable Plaintiff's state law claims. Civil conspiracy is not an actionable claim under Louisiana law. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 551-52 (La. 2002). Instead, the underlying tort constitutes "the actionable element in a claim" for a civil conspiracy. *Id.* at 552 (quoting *Butz v. Lynch*, 710 So. 2d 1171, 1174 (La. Ct. App. 1st Cir. 1998)). Therefore, to the extent Plaintiff states a claim for conspiracy, it also is subject to the one-year prescriptive period applicable to delictual actions.

Although Defendants assert generally that Plaintiff's claims fail to satisfy the statute of limitations, Defendants do not specifically address Plaintiff's claims under 18 U.S.C. §§ 241 and 242. Both Sections 241 and 242 are criminal statutes which do not provide a private right of action. *See Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005). Only the United States may initiate criminal prosecutions of federal offenses. Therefore, claims under Sections 241 and 242 are legally frivolous. *Id.*

Even assuming Plaintiff properly asserted these claims, they would also be limited by the statute of limitations. Section 1983 is the civil counterpart of Sections 241 and 242, and therefore, these claims more appropriately arise under that statute. *In re Estelle*, 516 F.2d 480,

486-87 (5th Cir. 1975). Liberally construing Plaintiff's claims under Section 1983, they are subject to the one-year prescriptive period applicable to delictual actions. *See O'Berry v. State Att'ys Off.,* 241 F. App'x 654, 657–59 (11th Cir. 2007) (affirming a decision to construe claims under Sections 241 and 242 as Section 1983 claims barred by statute of limitations).

All of Plaintiff's claims arise from a traffic stop on August 6, 2020. (*See* R. Doc. 1). Plaintiff does not allege any relevant events occurred after that date. He concedes that he immediately knew of his injury that day, but he nonetheless seeks to toll the statute of limitations because he "didn't have the knowledge to be able to file suit and obtain relief." (R. Doc. 33 at 5). He allegedly had to spend "countless hours" learning how to assert his rights. (*Id.*). However, Plaintiff's admitted awareness of his injuries triggered the statute of limitations, and "a plaintiff need not realize that a legal cause of action exists." *Stringer v. Town of Jonesboro,* 986 F.3d 502, 210 (5th Cir. 2021) (quoting *Piotrowski,* 51 F.3d at 516). "Once a claimant learns that she has been injured, the burden is on her to determine whether she should file suit." *Bourdais,* 485 F.3d at 298 (quoting *Colonial Penn Ins. v. Mkt. Planners Ins. Agency, Inc.,* 157 F.3d 1032, 1034 (5th Cir. 1998)). Ignorance of the law and a plaintiff's pro se status do not justify tolling the statute of limitations. *Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000). Rather, a pro se plaintiff "assumes all responsibility" for any "lack of knowledge of procedural and substantive laws." *Gaddy v. Caddo Par. Sch. Bd.,* 833 So. 2d 1088, 1091 (La. Ct. App. 2nd Cir. 2002) (refusing to toll a prescriptive period because of a plaintiff's pro se status) (internal citations omitted). Thus, Plaintiff has not identified an equitable basis for tolling the prescription period, and the one-year

statute of limitations expired before Plaintiff filed his initial Complaint on April 21, 2022.

(*See* Doc. 1).[2]

      Plaintiff contends that the City of Central waived the defense of prescription by not

asserting it in its initial pleading. (R. Doc. 41). The City of Central filed its Motion to Dismiss

Pursuant to Rule 12(b)(6) after filing its Answer. (*See* R. Doc. 29).[3] The City of Central's

Answer did not assert the affirmative defense of statute of limitations. (*See* R. Doc. 7).

      Generally, defendants must present affirmative defenses in an answer, or they otherwise

waive them. *See* Fed. R. Civ. P. 8(c)(1); *see also Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 553

(5th Cir. 2013). However, the City of Central's failure to raise the affirmative defense in

compliance with Rule 8(c) is not automatically fatal. *See id.* A party may still assert an

affirmative defense after responding to a pleading "if it was raised 'at a pragmatically sufficient

time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Id.* (quoting *Allied Chem.*

*Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)) (alterations in original).

      The City of Central raised the defense of prescription in sufficient time for consideration

by the Court. It asserted the defense prior to the commencement of discovery and during the

briefing of Defendants' motions to dismiss. (*See* R. Doc. 29). Therefore, consideration of the

defense will not delay the proceedings. Furthermore, Plaintiff has not identified any prejudice

that he will suffer as a result. (*See* R. Doc. 41). Nor can the Court discern any. Chief Corcoran

and Officer Porche had already asserted prescription, and Plaintiff cannot claim unfair surprise

---

[2] Because Plaintiff's claims are prescribed, the Court does not address the remaining arguments in their motions to dismiss.

[3] As the City of Central filed its motion after answering the Complaint, it is properly considered a motion for judgment on the pleadings instead of a motion to dismiss, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); however, the Court applies the same standard to both motions, *see Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (The standard for dismissal under Rule 12(c) is the same as that under Rule 12(b)(6).").

by the City of Central's assertion of the same defense. Far longer delays in raising an affirmative

defense have been excused. *See, e.g., Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 309-

10 (5th Cir. 2019) (finding defendant did not waive the statute of limitations by waiting over two

years from the inception of the case to assert the defense); *Pasco ex rel. Pasco v. Knoblauch*, 566

F.3d 572, 577-78 (5th Cir. 2009) (finding defendant's assertion of qualified immunity fifty-two

(52) months after an initial pleading did not waive the defense). As Plaintiff had ample time to

respond, the City of Central timely asserted the defense of the statute of limitations, and

Plaintiff's claims are prescribed.

### 2. The Court May Consider the Officers' Motion to Dismiss for a Failure to State a Claim Regardless of Its Timeliness

Plaintiff seeks to strike as untimely filed the officers' joint Motion to Dismiss Pursuant to

Rule 12(b)(6) made in their individual capacities. (R. Doc. 59). He asserts that the officers have

not demonstrated good cause or excusable neglect for failing to file their response within the

time allowed by Rule 12. (R. Docs. 59 at 2; 59-1 at 3). Since, therefore, Defendants have not

timely responded to the Complaint, he seeks for the Court to enter default judgment against

them. (*See* R. Doc. 56). Rule 12 requires a defendant to "serve an answer" within 21 days after

being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). A motion to

dismiss "must be made before pleading." Fed. R. Civ. P. 12(b). Local Rule 7 provides that

extensions of time to respond to a complaint, beyond an initial twenty-one-day extension, shall

be granted "only by motion to the Court and for good cause shown." L.R. 7(a). Additionally,

when a party fails to act before the expiration of a deadline, the Court may issue an extension for

"good cause" upon a party's motion "if the party failed to act because of excusable neglect." Fed.

R. Civ. P. 6(b)(1)(B).

Defendants maintain that the motion to dismiss was not untimely and oppose the motion to strike. (R. Doc. 61). Defendants' motion to dismiss included a footnote explaining that Defendants' counsel initially only represented the officers in their official capacities but "has now been asked to file this Motion on their behalf out of an abundance of caution." (R. Doc. 57 at 1 n.1). They further assert that the motion is timely because motions to dismiss are not subject to the time limitations set forth in Rule 12(a). (R. Doc. 61 at 1). They purport that Rule 12 only requires that they file "their motion to dismiss before filing any other responsive pleading." (*Id.* at 2). Therefore, they assert that the motion to dismiss is timely.

Whether or not a party must file any motion to dismiss prior to the expiration of Rule 12(a)'s twenty-one-day deadline for responding to a pleading is disputed. *See Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) ("The issue of how long a defendant may wait before moving to dismiss under Federal Rule of Civil Procedure 12(b) is surprisingly confusing and the courts disagree considerably in this respect."); *see also Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) ("Courts addressing this issue have taken divergent paths."). Rule 12 does not impose a specific time limit for a party to make a motion to dismiss, and it instead states that any such motion "shall be made before pleading." *See* Fed. R. Civ. P. 12(b). Because Rule 12 requires that motions to dismiss be made before pleading and a responsive pleading must be served within twenty-one days of service of the Complaint, some courts have applied the twenty-one-day limit to motions to dismiss. *See, e.g., Totalplan Corp. of Am. v. Lure Camera Ltd.*, 613 F. Supp. 451, 455-56 (W.D.N.Y. 1985). But more recent decisions have held that the time limitation in Rule 12(a) applies only to responsive pleadings and not motions to dismiss under Rule 12(b). *See, e.g., Montgomery-Smith v. La. Dep't of Health & Hosps.*, 299 F. Supp. 3d 790, 799 (E.D. La. 2018) ("Rule 12 simply requires a motion filed

11

pursuant to the rule be filed before pleading."). Neither party identifies any precedent binding upon the Court. (*See* R. Docs. 59, 61). However, several courts within the Fifth Circuit have only required that motions to dismiss be filed before a responsive pleading. *See, e.g., Montgomery-Smith*, 299 F. Spp. 3d at 799; *Hoffman v. Jindal*, No. 12-796, 2014 WL 130981, at*3 (M.D. La. Jan. 10, 2014); *Lopez v. Ozark Coop. Warehouse Ass'n, Inc.*, No. 06-591, 2007 WL 9702364, at *7 (M.D. La. May 17, 2007); *In re Campbell*, No. 16-80837, 2017 WL 2870132, at *3-4 (Bankr. M.D. La. July 5, 2017). Since a motion to dismiss is not a responsive pleading, the limitations in Rule 12(a) do not apply. *See id.* Accordingly, Defendants timely filed their motion before answering the Complaint.

Even if the time limitations of Rule 12(a) apply to motions to dismiss, the Court may still consider the officers' Rule 12(b)(6) motion. A defendant does not waive a failure to state a claim by failing to assert the defense in a motion to dismiss. *See* Fed. R. Civ. P. 12(h). Defendants could assert these same arguments later in a motion for judgment on the pleadings or at trial. *See* Fed. R. Civ. P. 12(h)(2). *See Armstrong v. Ashley*, 918 F.3d 419, 422 n.3 (5th Cir. 2019) ("District courts may consider untimely Rule 12(b)(6) motions as Rule 12(c) motions (indeed they are sometimes encouraged to do so)."). Moreover, such a procedural violation does not warrant dismissal of the motion and an entry of default judgment as Plaintiff seeks. *See In re Campbell*, 2017 WL 2870132, at *4. Whether to grant default judgment is within the Court's discretion, and meeting the procedural requirements of Rule 55 does not entitle a party to a default judgment and relief as a matter of right. *Trang v. Bean*, 600 F. App'x 191, 193-94 (5th Cir. 2015). When considering a motion for default judgment, the Court must examine the legal sufficiency of the complaint.  *See Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a

claim on which relief can be granted."). Therefore, resolving the merits of the officers' motion to dismiss serves the interests of judicial economy.

Lastly, Plaintiff's motion to strike requests that the Court judicially estop Defendants from asserting inconsistent defenses and factual positions. (R. Doc. 59 at 3). However, Plaintiff fails to set forth grounds for the Court to strike Defendants' motion to dismiss based upon judicial estoppel. "For a party to be estopped from taking a contrary position from that taken in an earlier proceeding, it must be shown that (1) 'the position of the party to be estopped is clearly inconsistent with its previous one" and (2) "that party ... convinced the [prior] court to accept that previous position.'" *Blankenship v. Buenger*, 653 F. App'x 330, 336 (5th Cir. 2016) (quoting *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).). Neither element has been met here. The Court has not accepted any prior inconsistent positions by Defendants. At the pleading stage, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Furthermore, Defendants motions to dismiss do not contain any legally inconsistent factual assertions. When evaluating the legal sufficiency of a claim, the parties and the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *White v. U.S. Corrs., L.L.C.*, 996 F.3d 302, 306-07 (5th Cir. 2021). Therefore, the Court does not consider any factual assertions made by Defendants at this stage of the litigation. Accordingly, Plaintiff's motion to strike the motion to dismiss should be denied.

### 3.    The Officers' Joint Motion to Dismiss Made in Their Individual Capacities Moots Plaintiff's Motions for Default

Because the officers have responded to the Complaint in their individual capacities, Plaintiff's Motion to Correct Clerk's Error on Default Judgments is moot. On October 19, 2022, Plaintiff moved for the Clerk to enter default against the named officers in their individual

13

capacities. (R. Docs. 48, 50, 52, 43). The Clerk denied those requests because the officers had

filed motions to dismiss. (R. Docs. 49, 51, 53, 55). Defendants filed those motions to dismiss in

their official capacities. (*See* R. Docs. 20, 31, 37). On November 10, 2022, Plaintiff moved for

reconsideration of the Clerk's denial of default because those defendants had not yet responded

to the Complaint in their individual capacities. (R. Doc. 56). On November 21, 2022, the four

officers filed in their individual capacities a joint Motion to Dismiss Pursuant to Rule 12(b)(6).

(R. Doc. 57). A party may request that the Clerk enter a default if a defendant "has failed to

plead or otherwise defend" against the action. Fed. R. Civ. P. 55(a). Defendants have now

responded to Plaintiff's Complaint and demonstrated their intent to defend against the claims

made in their individual capacities. Additionally, as set forth in their motion to dismiss, Plaintiff

fails to state a claim against Defendants because the statute of limitations has expired. For both

reasons, Plaintiff's Motion to Correct Clerk's Error on Default Judgments is moot.

### 4.    Any Claims against Unserved Defendants or Defendants Who Have Yet to Appear Should Be Dismissed

Plaintiff additionally asserts claims against Davis and Son's Fender Fixer, LLC ("Davis

and Son's"), a Joey Doe, an Alex Doe, and three John Does. (*See* R. Doc. 1). Specifically,

Plaintiff asserts a state law claim for conversion alleging that Joey Doe, a tow truck driver

employed by Davis and Son's, seized Plaintiff's motorcycle at the direction of Chief Corcoran.

(*Id.* at 24-25). Plaintiff's claim for conversion additionally states that Joey Doe's actions violated

Plaintiff's due process rights and the Fourth, Fifth, and Fourteenth Amendments of the

Constitution of the United States. (*Id.*). The other unidentified defendants purportedly are

additional police officers who responded to the traffic stop. Plaintiff maintains the same claims

against them as against the named officers. (*Id.*). Neither Davis and Son's nor the unidentified

defendants have appeared in the action. Plaintiff filed proof of service of the Complaint on Davis

14

and Son's, and he has obtained an entry of default against it. (R. Docs. 13, 18). However, Plaintiff has not identified the remaining defendants or filed proof of service as to them.

The motions to dismiss filed by the defendants who have appeared apply equally to the claims against the defendants who have not appeared. Plaintiff's claims against all of the defendants are prescribed. Regarding the unidentified Defendants, Plaintiff claims all allegedly arise from the traffic stop on August 6, 2020, and they are therefore subject to the same prescription period as the claims asserted against the named officers. (*See* Doc. 1). Regarding Davis and Son's and Joey Doe, Plaintiff's only specific allegations against them arise in Claim 7 of the Complaint, which asserts a state law claim for conversion. (*Id.* at 24-25). The alleged conversion also occurred on August 6, 2020, at the conclusion of the traffic stop. (*Id.*). Under Louisiana law, "conversion has a one year prescriptive period." *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 345 (5th Cir. 2009). Therefore, the state law claim for conversion is prescribed as well. Claim 7, however, also arguably asserts violations of Plaintiff's Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States. (*See* R. Doc. 1 at 24-25). To the extent these claims pertain to state actors or Davis and Sons as an agent of the state, those Section 1983 claims should be denied for the same reasons set forth above.

As the pleadings establish that Plaintiff's claims are prescribed, the Court may grant a motion to dismiss with respect to any non-moving defendants *sua sponte* after giving Plaintiff notice and a reasonable time to respond. *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642-43 (5th Cir. 2007) (A district court may dismiss an action sua sponte under Rule 12(b)(6) after providing "notice of the Court's intention and an opportunity to respond." (internal citations omitted)). The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See*

15

*Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008) (recommending that the Court grant summary judgment to non-moving defendants). Accordingly, it is recommended that the Court dismiss all of the claims against the non-moving defendants based upon the grounds set forth in the motions to dismiss.

It is also recommended that the Court dismiss the claims against the unidentified defendants for a failure to complete service of process. As stated above, the Court has recommended the dismissal of all other Defendants, and Plaintiff has not filed proof of service of process on these remaining Defendants. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a plaintiff may name a pseudonymous defendant, the plaintiff must amend the complaint to reflect the defendant's identity, as required by Rule 10(a), and complete service within the time period set forth in Rule 4(m). *See Arita v. Hooker*, No. 14-116, 2016 WL 1223220, at *1 (M.D. La. Mar. 23, 2016). Accordingly, should the court determine that dismissal with prejudice on the basis of prescription is not appropriate, Joey Doe, Alex Doe, and the John Does should be dismissed without prejudice pursuant to Rule 4(m) for failure to serve.

### 5.    Decline to Exercise Supplemental Jurisdiction

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over any remaining, potential state law claims, it is recommended that this Court decline to exercise supplemental jurisdiction. A district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the court has original jurisdiction, if the court has dismissed all claims over

which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367(c). In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that, to the extent any possible state cause of action not otherwise prescribed exists, supplemental jurisdiction be declined in connection with any remaining state law claims.

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' Motions to Dismiss Pursuant to Rule 12(b)(6) (R. Docs. 20, 29, 31, 37 and 57) be **GRANTED** and Plaintiff's claims against Chief Roger Corcoran, Deputy Chief Sibley, Officer John H. Porche, and Officer Noah McKneely in their official and individual capacities and Plaintiff's claims against the City of Central be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Davis and Son's Fender Fixer, LLC, Joey Doe, Alex Doe, and John Does #1-3 be **DISMISSED WITH PREJUDICE** as those claims have prescribed**.**

**IT IS FURTHER RECOMMENDED**, in the alternative, that Plaintiff's claims against Joey Doe, Alex Doe, and John Does #1-3 be **DISMISSED WITHOUT PREJUDICE** for failure to serve**.**

**IT IS FURTHER RECOMMENDED** that, to the extent not otherwise dismissed above, that the Court decline to exercise supplemental jurisdiction over any state law claims and any such claims be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motions (R. Docs. 33, 34, 41, 42, 56, and 59) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Compel (R. Doc. 62) and Defendants' Motion to Stay Discovery (R. Doc. 60) be **DENIED AS MOOT.**

Signed in Baton Rouge, Louisiana, on January 13, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**